Nehrbas, J.
Whatever may have been the cause of the fire, and we may assume it was due to the defendant’s negligence, we think the defendant is not liable for the goods which were thrown into the street by trespassers, and were thus lost, destroyed or stolen. Such damages are, in *737 our judgment, too remote. Moreover, the trial judge substantially so charged, but he declined to non-suit or direct a verdict for the defendant. There can be no doubt as to the plaintiff’s claim in this action: he testifies as follows:
“Q. What you claim .is, that all your loss, with the exception of about $250, was not for goods burned, but was for goods that were carried out of the store, and disappeared at that time ?
A. Yes.
Q. You admit, do you, that you and Mr. Swan (the agent of the insurance company) went over the amount of goods that were destroyed and damaged by fire and agreed that it was in the neighborhood of $250 ?
A. Yes, sir; I received $275 from the insurance company in payment of that loss.”
In fact, all his testimony is to the same effect.
It is difficult to conceive upon what theory the defendant can be held liable for any damage to merchandise beyond such as may naturally and necessarily result from the fire, and which he might reasonably have expected.
Goods, wholly or partially consumed, or damaged by water used in an endeavor to extinguish the flames, come legitimately within the consequences of the defendant company’s negligence, assuming that it was negligent; but to ask the defendant to, pay for articles deliberately thrown' on the highway, destroyed and carried away by strangers, is an effort to extend the doctrine of consequential damages to a degree not sanctioned by reason or the authorities. The respondent has not called our attention to a single case supporting his views.
It is true that in cases of negligence parties are liable to a greater degree than in litigations against fire insurance companies, for the latter’s responsibility is regulated by contract, while the former suffers the consequences of his wrongful act. Thus, if by the explosion, if there was one, the plaintiff had personally been injured, the defendant might have been liable therefor, while the insurance company would not. But to require the defendant to answer for goods taken or stolen by a mob, is to say the least, a novel proposition.
Such damages áre beyond question too remote. The rule of damages governing these cases has repeatedly been authoritatively stated.
Thus, for example, remote damages are defined to be, those which are not an ordinary and natural, not an expected, not a necessary and usual result of the negligent act; and again, those which depend upon a concurrence of *738 accidental and varying circumstances over which the negligent party has no control. Ryan v New York Central Railroad, 35 N. Y., 210; Webb v. Rome, Watertown and Ogdensburg Railroad, 49 id., 427; Sutherland on Damages, vol. 1, page 20, et seq.; Reiper v. Nichols, 31 Hun, 491. Scholes v. North London Railwag Company, 21 L. T. (N. S.), 835. This case surely does not come under this definition. If the goods has been permitted to remain in the store and had been injured by the fire there, the insurance company would have been liable and the doctrine of subrogation could have been invoked by the defendant.
The plaintiff has recovered from the insurance company all that he was legitimately entitled to claim as the direct and proximate consequence of the defendant’s negligence, and the motions to dismiss the complaint should have been granted.
The judgment must, therefore, be reversed, and a new trial granted, with costs to abide the event.
Hall and Browne, JJ., concur.